Frank P. MOLEY and Marie Moley, Appellants,

v.

PLAZA PROPERTIES, INC., and Melvin E. Kleb, Individually and as President of Plaza Properties, Inc., Respondents.

No. 28489.

Missouri Court of Appeals, Kansas City District.

April 4, 1977.

John R. O'Malley, Barbieri, Combs & Gotschall, Kansas City, for appellants.

James M. Beck, Johnson, Lucas, Bush & Snapp, Kansas City, for respondents.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW J. HIGGINS, Special Judge.

Appeal from sustention of defendants' motion to dismiss plaintiffs' petition for failure to state a cause of action and ensuing dismissal of plaintiffs' cause of action "without prejudice."

Defendants have moved to dismiss the appeal, contending that because the dismissal was without prejudice and because upon such a dismissal another action may be brought for the same cause, see Section 510.150, RSMo 1969, and Rule 67.03, V.A.M.R., the judgment was not final and appealable.

■ The motion to dismiss the appeal is overruled. When a petition is dismissed on the ground it fails to state a claim upon which relief can be granted, the ensuing judgment of dismissal is final and appealable. That plaintiffs may bring another action for the same cause does not alter the finality of adjudication as to that petition and if plaintiffs chose to stand on that petition, the judgment was final and appealable. *Hasemeier v. Smith,* 361 S.W.2d 697, 699[1, 2] (Mo. banc 1962). See also *State v. Litzinger,* 417 S.W.2d 126, 128 (Mo. App.1967).

Plaintiffs' action was for rent pursuant to a lease entered into on or about June 16, 1970, between plaintiffs and defendants Plaza Properties, Inc., and Melvin E. Kleb, for rental of property known as 7960 Ward Parkway, Kansas City, Missouri, an unimproved tract described by metes and bounds.

Defendants Plaza Properties, Inc., and Melvin E. Kleb, pursuant to Rule 55.-27(a)(6), V.A.M.R., filed their motion to dismiss plaintiffs' petition, together with suggestions in support, on the ground it failed to state a claim against either defendant, alleging: "Said Lease is of no force and effect, having been abrogated and rescinded by agreement of the parties pursuant to a novation. Shortly after execution of the purported lease attached to plaintiffs' petition, the same was abrogated and rescinded by the mutual agreement of all parties thereto and a new lease agreement on substantially identical terms was entered into between plaintiffs and a third party, Ward 79, Inc., as Tenant. The effect of the new lease operated to release Plaza Properties, Inc. and Melvin E. Kleb from any and all liability whatsoever to plaintiffs based upon the purported Lease upon which plaintiffs' petition is grounded. Subsequent thereto

between March and June in 1972, plaintiffs and Ward 79, Inc. entered into an Addenda to the then existing Lease between plaintiffs and Ward 79, Inc., * * * caused a Memorandum of Lease to be placed of record evidencing the existence of the Lease on the subject property between plaintiffs and Ward 79, Inc., * * * and plaintiffs tendered to State Farm Life Ins. Co. a proposed agreement subordinating plaintiffs' rights under the Ward 79, Inc. Lease to the rights of a construction lender, * *. All documents hereto attached bear plaintiffs' signatures. Plaintiffs have sued the wrong defendants on a document which has been superseded, abrogated and rescinded by mutual agreement and on which defendants have no liability to plaintiffs whatsoever."

The matter was presented to the court under local Rule 8.04–2, and the court entered the order in question: "Defendants have filed their Motion To Dismiss Plaintiffs' Petition stating that the Plaintiffs have failed to state a cause of action. The motion was filed on the 14th of August of this year and there has been no response from the Plaintiff[s] in opposition. The Court does this date sustain Defendants' Motion and Plaintiffs' cause of action is dismissed, without prejudice, at Plaintiffs' Costs."

Appellants contend that the court erred in dismissing their petition for failure to state a cause of action because, when construed "liberally and favorably" to plaintiffs as required, it was sufficient on its face to state a claim upon which relief could be granted. They assert that the trial court was "restricted to an inquiry * * * 'directed toward the sufficiency of a pleading as it appears on its face without more,'" citing *Empiregas, Inc. of Noel v. Hoover Ball & Bearing Co.,* 507 S.W.2d 657, 660 (Mo.1974), and Rule 55.33, V.A.M.R.

The difficulty in appellants' position is that Rule 55.33, as cited by appellants, was combined with previous Rule 55.31 into a new rule, 55.27, effective September 1, 1973. "The new rule provides that even with respect to a motion for dismissal for failure to state a claim upon which relief can be granted, matters outside the pleadings can be presented to the court and if not excluded the motion will [shall] then be treated as a motion for summary judgment, subject to the summary judgment procedure set forth in rule 74.04." *Empiregas, Inc. of Noel v. Hoover Ball & Bearing Co.,* supra, 507 S.W.2d l. c. 660, fn. 4; Rules 55.27(a), 74.04, V.A.M.R.; and note that when summary judgment is the question, "an adverse party may not rest upon the mere allegations * * * of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 74.04(e), V.A.M.R. See also *Kelley v. Schnebelen,* 545 S.W.2d 332, 334[1] (Mo.App.1976).

Novation has been described as a substitution of a new contract or obligation for an old one which is thereby extinguished. It is an affirmative defense with the burden of proof on the party asserting it. *W. Crawford Smith, Inc. v. Watkins,* 425 S.W.2d 276, 279 (Mo.App.1968).

Defendants' motion presented facts which established that after the execution of the lease upon which plaintiffs filed their petition, a novation occurred between plaintiffs and an entity, Ward 79, Inc., not a party to the suit. By such novation, Ward 79, Inc., became the tenant of the same property on a new lease of the same date, for the same term, on virtually identical terms and provisions. The exhibits attached to the motion to dismiss contained the matters outside the pleadings to establish the novation, and it operated to release defendants from liability to plaintiffs on the lease between them. The exhibits were signed and verified by plaintiffs and Ward 79, Inc., the party to the novation. Exhibit C was a Memorandum of Lease of subject property, executed by plaintiffs and Ward 79, Inc., June 16, 1970, and was recorded in Kansas and Missouri. Exhibit A was a modification or addendum by plaintiffs and Ward 79, Inc., of their lease nearly two

years after its original execution, attached to their lease of June 16, 1970. Exhibit B established that plaintiffs and Ward 79, Inc., entered into an agreement with State Farm Insurance Company affecting their lease with respect to construction of improvements on the leased premises. Such evidence documented a novation in extinguishment of defendants' liability under the lease between them and plaintiffs.

More than the prescribed twenty days lapsed between the filing of defendants' motion to dismiss and the date upon which the court considered it. Plaintiffs did not respond by affidavit, counteraffidavit, or otherwise, and the evidence tendered in support of the motion to dismiss stood unopposed and uncontradicted.[1] Such evidence was thus admitted, and it constituted unassailable proof of the alleged novation. Summary judgment of dismissal was required. *Bently v. Wilson Trailer Co.,* 504 S.W.2d 277 (Mo.App.1973).

Judgment affirmed.

All concur.

---

1. Plaintiffs filed a posttrial motion to set aside the dismissal and still failed to respond to the evidence which supported the dismissal.