**Ernest M. HILL, et al, Appellants,**

v.

**GENERAL MOTORS CORPORATION, et al, Respondents.**

**No. 45016.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1982.

Richard L. Anderson, Kimberling City, for appellants.

Joseph M. Kortenhof, St. Louis, for General Motors Corp.

James J. Amelung, St. Louis, for Darrell Kinsey and Mary Kinsey.

Gilbert Beckemeier, St. Louis, for Como Tire Supply, Inc.

REINHARD, Presiding Judge.

Plaintiffs appeal from an order of the trial court dismissing three counts of their first amended petition against General Motors Corporation (GMC), without prejudice, for failure to state a claim upon which relief can be granted and four counts against Darrel and Mary Kinsey d/b/a Kinsey's Vickers Station (Kinseys) for lack of venue.

Plaintiffs filed a nine count amended petition in St. Louis County Circuit Court against GMC, the Kinseys, and Como Tire Supply, Inc. for injuries arising from a vehicular accident. In their petition, plaintiffs alleged that GMC manufactured a certain 1977 Chevrolet Blazer and that after it was sold, the Kinseys modified the Blazer's suspension system by installing lifts, U-bolts, oversize wheels and tires purchased from Como Tire Supply, Inc. The petition further alleged that on October 23, 1980, while plaintiffs Ernest and Marty Hill were passengers in the Blazer, it overturned without warning several times on a highway in Stone County, Missouri, and they were injured. Plaintiff, Catherine Hill's claims against the defendants are based on loss of consortium.

Plaintiffs alleged that GMC knew its vehicles were being modified in this manner and that with these modifications the Blaz-

er had "an unreasonably dangerous tendency to turn over. . . ." GMC was therefore, "negligent in failing to adequately warn foreseeable owners, users, operators, and passengers of such Blazer of its propensity to turn over if modified in [this] manner . . . ."

■ Como Tire Supply, Inc. filed an answer. Defendant GMC filed a motion to dismiss all counts against it for failure to state a claim and the Kinseys filed a motion to dismiss for improper venue. The trial court sustained both motions. Subsequently, it made its dismissal without prejudice [1] and designated the order final for purpose of appeal. Rule 81.06. We affirm.

In determining whether plaintiffs have stated a cause of action we assume every fact as true and take every favorable inference which may be reasonably drawn from the facts pleaded. *Rook v. Public School Retirement System*, 593 S.W.2d 905, 906 (Mo.App.1980). In determining the sufficiency of the claim, averments are given a liberal construction. *Cady v. Hartford Accident and Indemnity*, 439 S.W.2d 483, 485 (Mo.1969). The test of sufficiency is whether the averments invoke substantive law which entitle the plaintiff to relief. *Nelson v. Wheeler Enterprises, Inc.*, 593 S.W.2d 646, 647 (Mo.App.1980).

At the outset, we note that plaintiffs do not contend they pleaded a cause of action against GMC in strict liability in tort as recognized in *Keener v. Dayton Electric Manufacturing Co.*, 445 S.W.2d 362 (Mo. 1969). In *Keener*, Missouri adopted § 402A of the Restatement (Second) of Torts, which provides that a manufacturer is liable in damages for defective products if the product reaches the user or consumer "without substantial change in the condition in which it is sold." The defect must have existed at the time of manufacture. *Williams v. Ford Motor Co.*, 411 S.W.2d 443, 450 (Mo.App. 1966); M.A.I. 25.04. *See, Cox v. General Motors*, 514 S.W.2d 197 (Ky.App.1974)

(manufacturer not liable for injuries caused by alteration to wheels, tires, and suspension system after car was manufactured). Plaintiffs' petition fails to plead a "defect" in the Blazer at the time the vehicle left the manufacturer as well as affirmatively pleads substantial post-sale modifications which proximately caused the accident.

■ Plaintiffs, though, contend their petition pleads a cause of action in negligence against GMC for failure to warn them as foreseeable users of the dangers presented by the modifications. In an action for negligence, generally, plaintiffs must allege ultimate facts which if proven, show: 1) the existence of a duty on the part of the defendant to protect plaintiffs from injury; 2) failure of defendant to perform that duty; and 3) injury to plaintiffs resulting from such failure. *Scheibel v. Hillis*, 531 S.W.2d 285, 288 (Mo. banc 1976).

■ Missouri has long recognized that a manufacturer has the duty to warn ultimate users of its products or articles which are inherently dangerous or are dangerous because of the use to which they are put. *Orr v. Shell Oil Co.*, 352 Mo. 288, 177 S.W.2d 608, 612 (1943); *Griggs v. Firestone Rubber Co.*, 513 F.2d 851, 856 (8th Cir. 1975); and *Alexander v. Inland Steel Co.*, 263 F.2d 314, 322 (8th Cir. 1958) (both applying Missouri law). *See*, Annot., 76 A.L. R.2d 9. In *Morris v. Shell Oil Co.*, 467 S.W.2d 39, 42 (Mo.1971), Missouri adopted § 388 Restatement (Second) of Torts, which provides:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
> a) knows or has reason to know that the chattel is or is likely to be danger-

---

1. Dismissal of a petition, without prejudice, on the ground that it fails to state a claim upon which relief can be granted, is a final and appealable judgment. *Hasemeier v. Smith*, 361

S.W.2d 697, 699 (Mo. banc 1962); *Moley v. Plaza Properties, Inc.*, 549 S.W.2d 633, 634 (Mo.App.1977).

ous for the use for which it is supplied, and

b) has no reason to believe that those for which use the chattel is supplied will realize its dangerous condition, and

c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

The duty to warn for foreseeable and latent dangers is attendant upon the proper and intended use of a product. *LaPlant v. E. I. DuPont de Nemours & Co.*, 346 S.W.2d 231, 239 (Mo.App.1961).

In *Orr v. Shell Oil Co.*, 352 Mo. 288, 177 S.W.2d 608 (1943), the plaintiff, a laborer, developed a severe rash after handling a chemical supplied by the defendant manufacturer. The manufacturer knew it was toxic when handled and knew specifically that a laborer would handle the chemical in this manufacturing process. The Supreme Court affirmed a verdict against the manufacturer and held that its failure to provide a warning to the plaintiff on the dangers involved constituted negligence. Similarly, in *Morris v. Shell Oil Co.*, 467 S.W.2d 39 (Mo.1971), the court held that plaintiff, who injured her hands using a petroleum solvent as a cleaning agent was entitled to a warning that the product was dangerous. In both of these cases, though, there was no alteration of the product.

There are no Missouri cases which have imposed a duty on the part of a manufacturer to anticipate and warn of dangerous alterations to its product. Plaintiffs cite only two cases, *Anderson v. Klix Chemical Co.*, 256 Or. 199, 472 P.2d 806 (1970) and *Brizendine v. Visador Co.*, 437 F.2d 822 (9th Cir. 1970) (applying Oregon law) to support their contention GMC had a duty to warn plaintiffs of the danger of modifying the Blazer's suspension system. Neither of these cases, however, involved the alteration of the manufactured product, but rather, whether the product was safe when used in an intended manner. We find neither case persuasive.

█ Plaintiffs acknowledge there was no existing dangerous condition at the time of manufacture in the Blazer for which plaintiffs were not warned. Instead they assert the issue is one of foreseeability, that is, "was it within the manufacturer's knowledge a modification of a given nature would more than likely occur, and if so, ... the manufacturer [should] have given warning of unreasonable risks and dangers associated with the use of its product in modified condition." Our research has revealed only one case which has confronted this issue and there the court refused to impose this duty on a manufacturer.

In *Robinson v. Reed-Prentice*, 49 N.Y.2d 471, 426 N.Y.S.2d 717, 403 N.E.2d 440 (1980), the employee-plaintiff was injured on a plastic molding machine manufactured by defendant. Before the machine was sold, the manufacturer knew that the employer would modify the machine by cutting a hole in a plexiglass safety guard in order to adapt the machine to its manufacturing process. Without the modification, the machine could not manufacture the article employer produced. After the plaintiff was injured by putting his hand through the hole in the safety guard, he brought a strict liability and negligence action against the manufacturer asserting improper and defective design and "inadequacy or absence of warnings for the use of the product." 426 N.Y.S.2d 717, 403 N.E.2d at 443.

The Court of Appeals reversed a jury verdict for the plaintiff and held that a manufacturer is not liable in negligence where a post-sale modification substantially altering the product is the proximate cause of plaintiff's injuries. In the course of the opinion the court stated that:

Principles of foreseeability, however, are inapposite where a third party affirmatively abuses a product by consciously bypassing built-in safety features. While it may be foreseeable that an employer will abuse a product to meet its own self-imposed production needs, responsibility for that willful choice may not fall on the manufacturer.

426 N.Y.S.2d 717, 403 N.E.2d at 443.

We accept as true plaintiffs' allegations that GMC knew its vehicles were being

modified in this manner and that these modifications were foreseeable. But, their petition also affirmatively alleges post-sale modifications to the Blazer's suspension system as the proximate cause of the accident. In these circumstances, notions of foreseeability are not pertinent. Notwithstanding that these modifications were foreseeable, a manufacturer does not have a duty to warn in anticipation that a user will alter its product so as to make it dangerous.[2] Plaintiffs' petition fails to allege ultimate facts establishing a duty by GMC towards plaintiffs. Consequently, plaintiffs' petition fails to state a cause of action in negligence against GMC.

Resolution of plaintiffs' first point resolves their remaining contention in which they allege the trial court erred in sustaining defendant Kinseys' motion to dismiss for improper venue. GMC is the only defendant that resides in St. Louis County. Plaintiffs concede that under § 508.010 RSMo.1978, if dismissal of the cause of action against GMC was proper, then the court's order of dismissal as to the Kinseys for improper venue was correct.

Affirmed.

CRIST and SATZ, JJ., concur.

**2.** We do not decide the case where the manufacturer invites, encourages, or participates in the modification.