TROTTER v HAMILL MANUFACTURING COMPANY

Docket No. 71992. Submitted May 2, 1984, at Lansing.—Decided June 18, 1985. Leave to appeal applied for.

Richard L. Miller was killed when his dune buggy, in which he was riding as passenger, turned over. Although Miller was riding with his seatbelt buckled, the seatbelt retractor came loose from its floor mounting during the accident. Miller was thrown out of the vehicle and landed on the pavement. Delores Trotter, the personal representative of the estate of Richard L. Miller, filed a wrongful death action against Hamill Manufacturing Company, the maker of the seatbelt, and Ford Motor Company, the manufacturer of the vehicle out of which Miller had taken the seatbelt for use in the dune buggy, in Ingham Circuit Court, claiming that defendants had a duty to warn users regarding the dangers, if any, of reinstalling the seatbelts in other vehicles. Plaintiff's complaint alleged both negligence and breach of implied warranty on the parts of the defendants. The court, Robert Holmes Bell, J., granted defendants' motion for summary judgment finding that as a matter of law there was no foreseeability that the seatbelt would be removed from defendant Ford's product and reinstalled in another vehicle and that a manufacturer has no duty to warn where a product is or might be substantially altered or modified, as was done in this case. Plaintiff appeals. *Held:*

1. The trial court correctly determined that neither of the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Summary Judgment §§ 26-36.

[3, 5] 63 Am Jur 2d, Products Liability §§ 284-302, 450-457.

Privity of contract as essential in action against remote manufacturer or distributor for defects in goods not causing injury to person or to other property. 16 ALR3d 383.

[4] 63 Am Jur 2d, Products Liability §§ 285, 293, 297.

[6, 7] 63 Am Jur 2d, Products Liability § 379.

Alteration of product after it leaves hands of manufacturer or seller as affecting liability for product-caused harm. 41 ALR3d 1251.

[7, 9] 63 Am Jur 2d, Products Liability §§ 324-358.

Failure to warn as basis of liability under doctrine of strict liability in tort. 53 ALR3d 239.

[8] 63 Am Jur 2d, Products Liability § 450 *et seq.*

defendants owed the decedent a duty to warn about the risks involved in reinstallation of seat belt assemblies.

2. The lack of foreseeability of subsequent modifications also requires rejection of plaintiff's implied warranty claim. The trial court properly dismissed plaintiff's complaint.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — SUFFICIENCY OF PLEADINGS — COURT RULES.

A reviewing court in ruling on a motion for summary judgment on the ground that a party failed to state a claim upon which relief can be granted must accept as true all well-pled facts and determine whether the plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — SUFFICIENCY OF PLEADINGS — COURT RULES.

A motion for summary judgment on the ground that a party failed to state a claim upon which relief can be granted tests the legal sufficiency of the complaint, not whether it can be factually supported (GCR 1963, 117.2[1]).

3. PRODUCTS LIABILITY — NEGLIGENCE — IMPLIED WARRANTY.

The distinction between the elements of negligence and breach of implied warranty in a products liability action is that in the former the plaintiff must prove that the defect was caused by the manufacturer's negligence, whereas under the warranty theory the plaintiff need only establish that the defect was attributable to the manufacturer, regardless of the amount of care utilized by the manufacturer.

4. PRODUCTS LIABILITY — MANUFACTURERS, WHOLESALERS AND RETAILERS — DUTY TO CONSUMERS — FORESEEABILITY.

Placing a product on the market creates the requisite relationship between a manufacturer, wholesaler and retailer and persons affected by use of the product giving rise to a legal obligation or duty to the persons so affected; a manufacturer owes the consumer an obligation to avoid negligent conduct, and that obligation extends to persons within the foreseeable scope of the risk.

5. PRODUCTS LIABILITY — DUTY TO WARN — FORESEEABILITY — QUESTIONS OF LAW.

The questions of duty and foreseeability in a products liability action are properly determined by the court as matters of law.

6. PRODUCTS LIABILITY — ALTERATIONS OF PRODUCTS — LIABILITY OF
    MANUFACTURER OR SELLER.

    Liability for harm caused by a product may not be imposed upon
    the manufacturer or seller of the product where the defect was
    created by an alteration which amounts to an intervening or
    superseding cause.

7. PRODUCTS LIABILITY — ALTERATIONS OF PRODUCTS — DUTY TO
    WARN.

    A manufacturer does not have a duty to warn in anticipation
    that a user will alter its product so as to make it dangerous.

8. PRODUCTS LIABILITY — SELLER'S LIABILITY — IMPLIED WARRANTY —
    MANUFACTURER'S LIABILITY — RISK-UTILITY TEST.

    A seller of a defectively designed product may be liable under a
    breach of implied warranty theory, but the manufacturer's
    liability is determined under a pure negligence, risk-utility test.

9. PRODUCTS LIABILITY — LACK OF WARNING LABELS — REASONABLY
    SAFE PRODUCT — FORESEEABLE USES.

    A product with no warning labels is not defective if it remains
    reasonably safe for its foreseeable uses.

*Reid, Reid, Perry & Lasky, P.C.* (by *Michael H. Perry*), for plaintiff.

*Butzel, Long, Gust, Klien & Van Zile* (by *Edward M. Kronk, Karen C. Scavone,* and *William J. Champion III*), for Hamill Manufacturing Company.

*Foster, Swift, Collins & Coey, P.C.* (by *John L. Collins* and *Charles E. Barbieri*), for Ford Motor Company.

Before: SHEPHERD, P.J., and CYNAR and S. D. BORMAN,* JJ.

S. D. BORMAN, J. Plaintiff appeals as of right from the circuit court's order granting the defendants' motion for summary judgment and dismissing plaintiff's action for wrongful death, MCL

    * Circuit judge, sitting on the Court of Appeals by assignment.

600.2922; MSA 27A.2922. The issue on appeal is whether a manufacturer or seller of a seatbelt assembly has a duty to warn users regarding the dangers, if any, of reinstalling the seatbelts in other vehicles. We hold that no such duty exists and affirm the summary judgment granted in favor of the defendants.

Defendant Hamill Manufacturing Company's motion was expressly based on GCR 1963, 117.2(1). Similarly, we treat defendant Ford Motor Company's motion as being brought under the same subrule, since it essentially attacks the legal bases of the plaintiff's complaint.

Under GCR 1963, 117.2(1), the reviewing court must accept as true all well-pled facts and determine whether the plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery. *Brosnan v Livonia Public Schools,* 123 Mich App 377, 381; 333 NW2d 288 (1983). Such a motion tests the legal sufficiency of the complaint, not whether it can be factually supported. *Graves v Wayne County,* 124 Mich 36, 40; 333 NW2d 740 (1983).

Accordingly, we assume that the following facts taken from the plaintiff's complaint are true. Plaintiff's decedent, Richard Leo Miller, was killed in a dune buggy roll-over accident on July 22, 1979. Miller was sitting in the passenger seat of the vehicle, which was owned by Miller and driven by a companion. The driver apparently crossed the center line and swerved to avoid oncoming traffic. The decedent was thrown from the dune buggy and landed on the pavement approximately 40 to 50 feet away. Postaccident investigation indicated that the passenger side seatbelt was buckled. However, the retractor was forced from its floor mounting during the accident. The plaintiff's complaint

designates the seatbelt and its attendant hardware
(the assembly) as a defective product. Prior to the
accident, Miller removed the assembly from his
1976 Mercury and installed it in his assembled
dune buggy. For purposes of review, we assume
that defendant Hamill is the original manufac-
turer of the assembly and that Ford purchased the
assembly from Hamill and installed it in the 1976
Mercury.

Count I of the plaintiff's complaint is based on
negligence. The plaintiff alleged that the defen-
dants owed decedent a duty to place warnings on
the assembly as to whether it was intended for
"universal installation", *i.e.,* whether it could be
reinstalled in another vehicle or was designed for
use on only one specific vehicle. The complaint
also alleged a duty to provide proper instructions
if the assembly was intended for universal instal-
lation.

Count II is based on breach of implied warranty.
The plaintiff alleged that the assembly was not
reasonably fit for its foreseeable uses since it was
not designed for universal installation and failed
to carry warnings or instructions regarding its
intended uses.

The lower court dismissed plaintiff's complaint
in the following bench opinion:

"The court grants the motion for summary judgment
as filed by Ford Motor Company and Hamill Manufac-
turing for the following reasons. The court believes that
as a matter of law it can conclude based upon the
pleadings, looking at the pleadings in the light most
favorable to the plaintiff, that as a matter of law, there
was no foreseeability on behalf of Ford and the manu-
facturers, or the assembler, or Hamill, the manufac-
turer, that the items which was *[sic]* validly, apparently
placed within a Mercury motor vehicle, as a new prod-
uct, would be reinstalled in another vehicle. This duty,

this court believes, to proceed further, this court believes that there is no duty to warn where a product is going to be or potentially might be substantially altered or modified, such as the uncontested fact in this case indicates was done with this seatbelt. I think counsel for Hamill adequately stated it when she stated that the duty would run on ad infinitum, in steering wheels, on rearview mirrors, anything potentially I suppose that could be pried or cut or welded off, would be potentially a target for a lawsuit, should someone be injured. That is not the state of the law today. This court believes under the facts and circumstances, unique to this case, that there was no duty owed by these defendants to the plaintiff decedent."

Generally, in the United States, cases involving a manufacturer's or seller's duty to warn are brought under theories of negligence, breach of implied warranty, or strict products liability.[1] The distinction between these theories is often confused since a manufacturer or seller has a general duty to make a reasonably safe product. See *Elsasser v American Motors Corp,* 81 Mich App 379, 385; 265 NW2d 339 (1978).[2] In the case at bar, we analyze each of the plaintiff's two counts separately.

In *Smith v E R Squibb & Sons, Inc,* 405 Mich 79, 89; 273 NW2d 476 (1979), the Court said:

"The distinction between the elements of negligence

---

[1] See generally, *The Manufacturer's Duty to Warn of Dangers Involved in Use of a Product,* Wash U L Q, pp 206-221 (1967); *Symposium, The Passage of Time: The Implications for Products Liability,* 58 NYU L Rev 733-944 (1983). Michigan, however, recognizes only two of these theories of recovery in products liability actions: that of negligence and that of implied warranty. See, *e.g., Abel v Eli Lilly & Co,* 94 Mich App 59, 70; 289 NW2d 20 (1979), *aff'd* 418 Mich 311; 343 NW2d 164 (1984), *reh den* 419 Mich 1201 (1984), *cert den* — US —; 105 S Ct 123; 83 L Ed 2d 65 (1984).

[2] See generally, Pelletier, *Is There a Distinction Between Strict Liability and Negligence in Failure to Warn Actions?* 15 Suffolk U L Rev 983-1008 (1981).

and breach of implied warranty is that in the former plaintiff must prove that the defect was caused by the manufacturer's negligence, whereas under the warranty theory, plaintiff need only establish that the defect was attributable to the manufacturer, regardless of the amount of care utilized by the manufacturer."

Under a traditional negligence analysis, the threshold question is whether either Hamill or Ford (or both) owed a duty to place a warning on the assembly. See *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977). Both of the defendants may be subject to liability for failure to warn about a risk that is related to intended uses and reasonably foreseeable uses. *Antcliff v State Employees Credit Union,* 414 Mich 624, 637; 327 NW2d 814 (1982).[3]

We believe that the following passage from *Moning, supra,* provides an appropriate basis for analyzing this appeal.

"While the court decides questions of duty, general standard of care and proximate cause, the jury decides whether there is cause in fact and the specific standard of care: whether defendants' conduct in the particular case is below the general standard of care, including— unless the court is of the opinion that all reasonable persons would agree or there is an overriding legislatively or judicially declared public policy—whether in the particular case the risk of harm created by the defendants' conduct is or is not reasonable.

"Duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person. Proximate cause encompasses a number of distinct problems including the limits of liability for foreseeable consequences. In the *Palsgraf* case, the New York Court of Appeals, combining the questions of duty and proximate cause, con-

[3] See, also, Prosser & Keeton, Torts (5th ed), § 96, p 685.

cluded that no duty is owed to an unforeseeable plaintiff.

"The questions of duty and proximate cause are interrelated because the question whether there is the requisite relationship, giving rise to a duty, and the question whether the cause is so significant and important to be regarded a proximate cause both depend in part on foreseeability—whether it is foreseeable that the actor's conduct may create a risk of harm to the victim, and whether the result of that conduct and intervening causes were foreseeable.

"It is well established that placing a product on the market creates the requisite relationship between a manufacturer, wholesaler and retailer and persons affected by use of the product giving rise to a legal obligation or duty to the persons so affected. A manufacturer owes the consumer an obligation to avoid negligent conduct. The obligation extends to persons within the foreseeable scope of the risk." 400 Mich 438-439 (footnotes omitted).

The questions of duty and foreseeability are therefore properly determined by the court as matters of law. See *Fredericks v General Motors Corp,* 411 Mich 712, 720; 311 NW2d 725 (1981); *Mach v General Motors Corp,* 112 Mich App 158; 315 NW2d 561 (1982).[4] But see *Downie v Kent Products,* 122 Mich App 722, 731; 333 NW2d 528 (1983), aff'd in part and rev'd in part 420 Mich 197; 362 NW2d 605 (1984).

Unlike in *Downie, supra,* we do not believe that there is even a reasonable question with respect to the existence of a duty which would allow the instant plaintiff to proceed to trial. We therefore hold that the trial court correctly determined that neither of the defendants owed the decedent a duty to warn about the risks involved in reinstal-

[4] See, also, Torke, *Foreseeability in Product Design and Duty to Warn Cases—Distinctions and Misconceptions,* 1968 Wis L Rev 228, 233.

lation of seatbelt assemblies. This holding is not only based on the absence of any duty to warn here, but on important public policy considerations. See *Dunn v Lederle Laboratories,* 121 Mich App 73, 83; 328 NW2d 576 (1982).[5]

Liability for harm caused by a product may not be imposed upon a manufacturer or seller of that product where the defect was created by an alteration which amounts to an intervening or superseding cause. *Hill v General Motors Corp,* 637 SW2d 382 (Mo App, 1982). In the *Hill* case, plaintiffs sued General Motors for its failure to warn of foreseeable uses of a modified 1977 Chevrolet Blazer. They charged that the defendant knew that vehicles it manufactured were being modified in the manner plaintiffs had modified their Blazer and that with the modification the vehicles had an unreasonably dangerous propensity to turn over. The *Hill* court found that the defendant had no duty to the plaintiffs to warn, because "a manufacturer does not have a duty to warn in anticipation that a user will alter its product so as to make it dangerous". *Hill, supra,* p 386 (footnote omitted).

Similarly, in *Rodriguez v Besser Co,* 115 Ariz App 454; 565 P2d 1315 (1977), the court held:

"[W]e believe that extending a manufacturer's duty to warn to situations in which it is notified that a third party has modified its product, after the product has left its possession and control and without consultation or participation in the modification by the manufacturer, would place an intolerable burden on the manufacturer. Such a rule would in effect make a manufacturer with notice of postsale modifications of its products an insurer of the success and safety of the modified

[5] See also Green, *The Causal Relation Issue in Negligence Law,* 60 Mich L Rev 543 (1962); *Hill v General Motors Corp,* 637 SW2d 382 (Mo App, 1982); *Rodriguez v Besser Co,* 115 Ariz App 454; 565 P2d 315 (1977).

products. It would be obliged not only to discover and warn of the foreseeable dangers inherent in the products it manufactures but also of those not of its creation —the altered products of which it has notice." *Rodriguez, supra,* p 460.

In *Rodriguez,* the plaintiff was injured while operating a machine that his employer had modified by eliminating a safety feature of the machine and sued the machine manufacturer for its failure to warn of dangers from a subsequent modification of its product.

The courts in both *Hill* and *Rodriguez* based their rulings on the premise that the modifications were not foreseeable and therefore there was no duty to warn about possible dangers from the modifications. In other words, since the products were not unreasonably dangerous when they left the manufacturers, the manufacturers could not be held liable for failing to warn of dangers from subsequent modifications. See also *Temple v Wean United, Inc,* 50 Ohio St 2d 317; 364 NE2d 267 (1977); *Winnett v Winnett,* 57 Ill 2d 7; 310 NE2d 1 (1974), and *Westerburg v School Dist No 792 of Todd County,* 276 Minn 1; 148 NW2d 312 (1967).

Manufacturers and sellers are still required to anticipate normal uses of products, and this duty extends to reasonably foreseeable misuses. However, if we were to require warnings in *this* case, such a rule could logically be extended to almost every component of an automobile. From a practical standpoint, it cannot be said that reinstallation of seatbelts is foreseeable. Seatbelt assemblies are standard equipment and are securely bolted to the floor.[6] The duty to warn rests on foreseeability and

---

[6] *Cf.* MCL 257.710(a); MSA 9.2410(1); McAlpine, *A Realistic Look at the Seatbelt Defense,* 1983 Detroit Col L Rev 827, 842 (although this comment deals with an unrelated issue, it does contain pertinent information regarding seatbelt use).

a multitude of policy considerations. We are unable to impose a duty to warn under the facts of this case. To hold otherwise would be to impose an intolerable burden on manufacturers and sellers.

The lack of foreseeability also requires rejection of the plaintiff's implied warranty count. While a seller of a defectively designed product may be liable under a breach of implied warranty, the manufacturer's liability is determined under a pure negligence, risk-utility test. *Prentis v Yale Mfg Co,* 421 Mich 670, 691; 365 NW2d 176 (1984). A product with no warning labels is not defective if it remains reasonably safe for its foreseeable uses. *Prentis, supra,* p 693; *Villar v E W Bliss Co,* 134 Mich App 116, 121; 350 NW2d 920 (1984). *Antcliff, supra,* p 630. In short, a manufacturer or seller need not warn of unforeseeable uses. *Mach v General Motors, supra,* p 163.[7]

Although the rules are somewhat different, we believe that our preceding analysis is equally applicable to the plaintiff's second claim. We agree with the trial court that the use involved here was unforeseeable. True, the belt was still being used as a seatbelt; however, the point is that neither of the defendants should be required to foresee that the seatbelt assembly would be reinstalled in another vehicle. Accordingly, the trial court properly dismissed the plaintiff's complaint.

Affirmed.

---

[7] Further, liability generally may not be imposed where the defect was created by an alteration which amounts to an intervening, superseding cause. Although the circuit court found that this rule provided an alternative basis for granting the motion, we need not decide this issue since no duty to warn existed in the first place. See generally, Anno: *Products Liability: Alteration of Product After it Leaves Hands of Manufacturer or Seller as Affecting Liability for Product-Caused Harm,* 41 ALR3d 1251, and *Rodriguez v Besser Co, supra,* note 5.