CROSSLEY v ALLSTATE INSURANCE COMPANY

Docket No. 85111. Submitted April 15, 1986, at Lansing. Decided
August 14, 1986.

David Crossley filed an action in the Genesee Circuit Court
against Allstate Insurance Company after Allstate rejected
Crossley's claim of loss for fire damage to his house and garage.
Plaintiff alleged breach of contract, negligence, unfair trade
practices under the Uniform Trade Practices Act, and inten-
tional infliction of emotional distress. Defendant raised arson
and fraud as affirmative defenses. The trial court, Harry B.
McAra, J., granted partial summary judgment in favor of
plaintiff and awarded him $54,000 on his breach of contract
claim, ruling that there was no credible evidence to support
defendant's affirmative defenses. Defendant appealed to the
Court of Appeals, which reversed the circuit court and re-
manded the case for trial, 139 Mich App 464 (1984). On re-
mand, defendant moved for partial summary disposition, con-
tending that plaintiff had failed to state claims upon which
relief can be granted with his allegations of unfair trade
practices and intentional infliction of emotional distress. The
circuit court denied the motion and defendant appealed by
leave granted.

The Court of Appeals *held:*

1. Plaintiff's claim founded on alleged violations by defendant
of the UTPA must fail as a matter of law because an action in
tort, such as what plaintiff has pleaded, is not within the UTPA's
comprehensive, exclusive scheme of enforcement of the rights
and duties under the UTPA.

2. Plaintiff's allegations with respect to his claim of inten-
tional infliction of emotional distress did not state any tortious

REFERENCES

Am Jur 2d, Automobile Insurance §§ 384-386.

Am Jur 2d, Damages §§ 283, 293.

Am Jur 2d, Pleading §§ 71 *et seq.*

What constitutes bad faith on part of insurer rendering it liable for
statutory penalty imposed for bad faith in failure to pay, or delay
in paying, insured's claim. 33 ALR4th 579.

See also the annotations in the Index to Annotations under Auto-
mobile Insurance; Torts.

conduct by defendant independent of his claim of bad faith breach of contract arising from defendant's refusal to pay; defendant's response to plaintiff's claim of loss was not outrageous. Therefore, plaintiff did not state a claim upon which he could recover damages for intentional infliction of emotional distress.

Reversed and remanded for trial on plaintiff's breach of contract claim.

1. INSURANCE — UNIFORM TRADE PRACTICES ACT.

There is no private cause of action for the enforcement of the Uniform Trade Practices Act (MCL 500.2001 *et seq.;* MSA 24.12001 *et seq.*).

2. INSURANCE — TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Allegations of a failure by an insurer to reasonably investigate an insured's claim of loss prior to denying the claim were insufficient to state a cause of action for intentional infliction of emotional distress where the insured did not allege any outrageous tortious conduct by the insurer independent of the insured's allegations of bad faith breach of contract.

*Denenberg, Tuffley & Bocan* (by *Stephen D. Duggan* and *John A. Lawson*), for defendant.

Before: ALLEN, P.J., and MACKENZIE and J. P. SWALLOW,* JJ.

PER CURIAM. Defendant, plaintiff's insurer, rejected plaintiff's proof of loss for fire damage to his house and garage, claiming that the amount claimed greatly exceeded the value of the loss and that the fires were set, or procured to be set, by plaintiff. Plaintiff responded by filing a complaint against defendant for breach of contract, "negligence and unfair trade practices," and intentional infliction of emotional distress. Defendant's affirmative defenses included arson and fraud.

Following the trial court's grant of summary judgment to plaintiff pursuant to GCR 1963,

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

117.2(3) because there was no credible evidence to support defendant's affirmative defenses of arson and fraud and the trial court's judgment for plaintiff of $54,000 on an award of an umpire on the breach of contract claim, defendant filed appeals to this Court. The appeals were consolidated, the trial court's decisions reversed, and the case remanded for trial. See *Crossley v Allstate Ins Co,* 139 Mich App 464; 362 NW2d 760 (1984).

Following remand, defendant turned the tables and filed a motion for partial summary disposition under MCR 2.116(C)(8), failure to state a claim, against plaintiff on the unfair trade practices and infliction of emotional distress counts. Defendant appeals, by leave granted, the trial court's adverse ruling on that motion. We conclude that the trial court erred. Accordingly, we reverse that order and remand for trial on plaintiff's breach of contract claim.

A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal basis of the complaint, and not whether it can be factually supported. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 647; 363 NW2d 641 (1984). A court must accept as true all well-pled facts and determine whether plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Trotter v Hamill Mfg Co,* 143 Mich App 593, 596; 372 NW2d 622 (1985).

In Count I, plaintiff alleged that defendant's conduct constituted an unfair trade practice within the meaning of § 2006 of the Unfair Trade Practices Act, MCL 500.2001 *et seq.;* MSA 24.12001 *et seq.* In Count II, plaintiff alleged generally that defendant violated its fiduciary and statutorily prescribed duties under UTPA. Plaintiff further alleged that defendant's negligent and decep-

tive acts and practices, an allegation of practices within the ambit of § 2026 of the act, were the direct and proximate cause of plaintiff's injuries and his claimed entitlement to insurance proceeds and exemplary damages.

An allegation, such as plaintiff's allegation that defendant's conduct violated §§ 2000 and 2026 of the UTPA, that a defendant has breached an obligation imposed upon the defendant by law is an allegation of tort. See *Valentine v General American Credit, Inc,* 420 Mich 256, 259; 362 NW2d 628 (1984), and Prosser & Keeton, Torts (5th ed), § 92, pp 655-656. Plaintiff's allegation with regard to violation of the UTPA fails as a matter of law because the act provides a comprehensive, exclusive scheme of enforcement of the rights and duties it creates; no private cause of action exists in tort for a violation of the UTPA. *Bell v League Life Ins Co,* 149 Mich App 481; 387 NW2d 154 (1986), see also *Young v Michigan Mutual Ins Co,* 139 Mich App 600, 605; 362 NW2d 844 (1985), lv den 422 Mich 977 (1985).

Nor can the relationship between an insurer and insured support recovery for plaintiff. Contrary to plaintiff's allegation, that relationship is not fiduciary in nature. *Hearn v Rickenbacker,* 140 Mich App 525, 528; 364 NW2d 371 (1985). While this Court has recognized a relationship of trust and confidence between insurer and insured which permits an action for fraud predicated upon a claim of misrepresentation, *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 621; 310 NW2d 15 (1981), lv den 413 Mich 874 (1982), no misrepresentation by defendant is alleged here.

Finally, to the extent plaintiff's complaint alleges "negligence" in defendant's refusal to pay, or failure to more properly investigate and assess the merit of plaintiff's claim, the complaint merely

alleges a breach of contract, and summary disposition would properly have been granted with regard to such a "negligence" claim. *Hart v Ludwig,* 347 Mich 559, 565; 79 NW2d 895 (1956).

We choose to address separately plaintiff's Count III, which alleges emotional distress damages caused by defendant's conduct. Initially, we note that an allegation of bad faith breach of an insurance contract does not support recovery of damages for mental distress in Michigan. There must be a finding of tortious conduct independent of the contractual breach to justify the award of mental distress damages. *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 416; 295 NW2d 50 (1980).

In *Roberts v Auto-Owners Ins Co,* 422 Mich 594; 374 NW2d 905 (1985), our Supreme Court declined to decide if a separate tort of intentional infliction of emotional distress exists in Michigan. With regard to the establishment of that tort, the *Roberts* Court quoted the following from the Restatement:

> "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'
>
> "The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." [*Roberts, supra,* p 603 (quoting Restatement Torts, 2d, § 46, comment d, pp 72-73).]

The *Roberts* Court found that *Kewin, supra,* and

the Restatement comments "significantly" limit the "range of circumstances in which a prima facie showing of outrageousness can be made in the insurance context." In *Roberts,* the Court found the plaintiffs' reliance on the insurer's failure to supply the insured with forms, delay in responding to his claims, and "denial" of benefits by a request for verification of loss insufficient as a matter of law.

The instant plaintiff rests his mental distress damages claim on defendant's alleged failure to reasonably investigate his claim and alleged deliberate oppression of plaintiff to deny him benefits. The underlying factual allegation is defendant's "accusing plaintiff David Crossley of arson and fraud when defendant had absolutely no evidence whatsoever to support those allegations."

From the allegations in plaintiff's complaint, it is clear that the alleged "accusation" was responsive to plaintiff's filing of a proof of loss.[1] Plaintiff has alleged, at most, a bad faith attempt by defendant to avoid paying under the insurance contract. No claim arising independently of the contract has been stated. Defendant's response to plaintiff's proof of loss was not a type which would cause an average member of the community to scream "Outrageous!"

The order of the circuit court denying defendant's motion for partial summary disposition is reversed. This matter is remanded for trial on plaintiff's breach of contract claim.

[1] We find nothing in plaintiff's allegations indicating that the "accusation" was published.