224 Cal.App.3d 1413 (1990)
274 Cal. Rptr. 608
NANCY THOMPSON, Plaintiff and Appellant,
v.
TONY CANNON et al., Defendants and Respondents.
Docket No. G008647.
Court of Appeals of California, Fourth District, Division Three.
November 2, 1990.
*1415 COUNSEL
Horton, Barbaro & Reilly and William O. Humphreys for Plaintiff and Appellant.
Stockdale, Peckham & Werner, David C. Werner and David H. Solo for Defendants and Respondents.
[Opinion certified for partial publication.[*]]
OPINION
MOORE, J.
Nancy Thompson appeals the granting of summary judgment in favor of Tony Cannon and Cannon & Johnson, Inc. (collectively Cannon). The issues on appeal are whether an insured is a third party beneficiary to a contract between an insurer and an independent insurance adjuster, and whether an independent insurance adjuster hired by the insurer stands in a fiduciary capacity to the insured.

I
Thompson's house was destroyed by fire and she filed claims with her insurers, State Farm Insurance Company (State Farm) and Allwest/Crumm & Forster (Allwest), for real and personal property loss and for additional living expenses. Because of the size of Thompson's claims and their suspicions about the cause of the fire, the insurers retained Cannon, an independent adjuster, to investigate the matter. Subsequently, State Farm and Allwest denied Thompson's claims.
Thompson brought suit against State Farm, Allwest and Cannon, alleging numerous causes of action including breach of fiduciary duty.[1] During the course of the litigation, all causes of action against Cannon were dismissed, either voluntarily or by court order, except the breach of fiduciary duty claim. Cannon moved for summary judgment, contending that, as a matter of law, it had no fiduciary relationship with Thompson. Thompson contended there was a fiduciary relationship by virtue of the fact that the *1416 insurers retained Cannon to investigate and adjust the claim and that she was a third party beneficiary of the contract between Cannon and her insurers. Cannon's motion was granted and this appeal followed. The relevant facts are not in dispute.

II, III[*]
.... .... .... .... .... .

IV
(1) Thompson contends she was a third party beneficiary of a contract between her insurers and Cannon, because the insurers expressly retained the independent adjuster "to promote the readiness and ability to cover losses" and "to expedite the benefits she would receive from the policy for which she paid premiums." We disagree.
When there is a dispute as to coverage of an insured's claim, it cannot be said that the retention of an independent adjuster by an insurer is expressly for the benefit of the insured. "The insurance adjuster is the agent of the insurer. [Citations.] That the adjuster can under particular fact situations become also the agent of the insured is clear, and this most usually will occur when no issue as to coverage arises. Where coverage is in issue, however, it is obvious that the adjuster's loyalties are divided and the insured and his counsel cannot reasonably expect that he represents only the interest of the insured...." (State Farm Fire & Casualty Co. v. Superior Court (1989) 216 Cal. App.3d 1222, 1227 [265 Cal. Rptr. 372]; see also Doctors' Co. v. Superior Court (1989) 49 Cal.3d 39, 48 [260 Cal. Rptr. 183, 775 P.2d 508]; Gruenberg v. Aetna Ins. Co. (1973) 9 Cal.3d 566, 576 [108 Cal. Rptr. 480, 510 P.2d 1032].)
California Civil Code, section 1559 provides that in order to enforce a contract it must be shown the contract was "made expressly for the benefit of [the] third person...."[2] Here, it cannot be said the retention of Cannon by the insurers was expressly for Thompson's benefit. The undisputed facts established Cannon was retained by the insurers to ascertain the cause and validity of Thompson's substantial fire loss claim. Subsequent to that investigation, the claim was denied.
*1417 This issue was recently resolved by Division One of this court in Henry v. Associated Indemnity Corp. (1990) 217 Cal. App.3d 1405 [266 Cal. Rptr. 578]. In Henry, the court concluded there was no authority for a third party contractual theory of liability by an insurer against an independent claim adjuster, stating: "... [T]he ... claims adjustment contract can in no sense be said to have been made for the express benefit of a third-person policy holder, ... as would be required under Civil Code section 1559. That contract contemplated that adjusting services would be provided for the respective benefit of the insurer and the insured, depending on the facts of the individual claim; it did not contemplate [the insured's] claim would be successful or impose any new duties ... other than those which inhere in the actual contract of insurance. [Fn. omitted.]" (Id. at p. 1417.)
We conclude the lower court properly found the contract between the insurers and Cannon did not create a third party beneficiary contract between Thompson and Cannon.

V
(2a) Thompson contends the assignment of Cannon to adjust her claim created a fiduciary relationship. Again, we disagree. Her theory is based on the same third party beneficiary contract theory we have rejected, and we find no support in case law for the argument that an independent adjuster retained by an insurance company is a fiduciary to the insured.
The precise nature of the relationship between the insurer and the insured is unsettled in California. (3) While cases have held the relationship is "akin to" a fiduciary relationship (see, e.g., State Farm Fire & Casualty Co. v. Superior Court, supra, 216 Cal. App.3d at p. 1226) and "characterized by ... fiduciary responsibility" (Seaman's Direct Buying Service, Inc. v. Standard Oil Co. (1984) 36 Cal.3d 752, 768 [206 Cal. Rptr. 354, 686 P.2d 1158]), it is not strictly a fiduciary one. "The insurer is bound to conduct itself with the utmost good faith for the benefit of its insured. [Citations.] However, the protection afforded by that relationship is not unlimited [citation], and the insurer has no duty totally to disregard its own interests when they conflict with the insured's interests [citations]." (State Farm Fire & Casualty Co. v. Superior Court, supra, at pp. 1226-1227; accord Henry v. Associated Indemnity Corp., supra, 217 Cal. App.3d at pp. 1418-1419.)
In addition to the duty to deal fairly with the insured, an insurer owes competing duties to other policyholders and to stockholders not to honor meritless claims. (See Austero v. National Cas. Co. (1978) 84 Cal. App.3d 1, 30 [148 Cal. Rptr. 653], overruled on other grounds in Egan v. Mutual of Omaha Ins. Co. (1979) 24 Cal.3d 809, 824, fn. 7 [169 Cal. Rptr. 691, 620 *1418 P.2d 141]; see also Shultz Steel Co. v. Hartford Accident & Indemnity Co. (1986) 187 Cal. App.3d 513, 519 [231 Cal. Rptr. 715]; Paulfrey v. Blue Chip Stamps (1983) 150 Cal. App.3d 187, 192 [197 Cal. Rptr. 501].)
"Thus, it seems clear that any fiduciary duty existing between an insurer and its insured is governed by the terms of the insurance contract in effect between them; to the extent there is no contract, i.e., because the insurer has not extended coverage for the risk by which the insured has suffered a loss, the relationship between the parties is not controlled by principles of strict fiduciary responsibility." (Gibson v. Government Employees Ins. Co. (1984) 162 Cal. App.3d 441, 449-450 [208 Cal. Rptr. 511].)
Thompson cites Nathanson v. Hertz Corp. (1986) 183 Cal. App.3d 78 [227 Cal. Rptr. 799] and Bodenhamer v. Superior Court (1986) 178 Cal. App.3d 180 [223 Cal. Rptr. 486] in support of her contention that a breach of fiduciary duty cause of action lies for the actions of an independent adjuster. However, the reliance is misplaced. In Nathanson, the court held that the defendant rental car company, a self-insurer which agreed to provide liability coverage for its customer, was engaged in the liability insurance business and was therefore subject to liability for unfair claims settlement practices in violation of California Insurance Code section 790.03, subdivision (h). (Nathanson v. Hertz Corp., supra, 183 Cal. App.3d at pp. 84-85.) The court had no occasion to address the question of whether an adjuster is a fiduciary of the insured. In Bodenhamer, the court held only that an independent claims adjuster is a person engaged in the business of insurance and may therefore be liable for unfair claims practices under Insurance Code section 790.03. (Bodenhamer v. Superior Court, supra, 178 Cal. App.3d at pp. 184-185.) Once again, the court did not address the fiduciary duty question.
(2b) We hold an independent adjuster, hired by an insurance company to adjust a disputed claim with its insured, does not owe a fiduciary duty to the insured with whom the dispute lies, absent facts demonstrating the independent adjuster assumed such a relationship. In such a situation, the trust, confidence, integrity and fidelity which are the hallmarks of a fiduciary relationship cannot be said to exist between the independent adjuster and the insured. (See Eisenbaum v. Western Energy Resources, Inc. (1990) 218 Cal. App.3d 314, 322 [267 Cal. Rptr. 5]; Main v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (1977) 67 Cal. App.3d 19, 31 [136 Cal. Rptr. 378].) We agree with the holding in Henry v. Associated Indemnity Corp., supra, 217 Cal. App.3d 1405; "... [T]he specific allegations of [the insured's] complaint ... purporting to show the creation or evidence of a special relationship that was fiduciary in nature, does not reveal anything other than an ordinary arms'-length business relationship between the insured and the insurers and its agents. We do not believe [the insured] has successfully *1419 alleged facts showing these insurers held themselves out as fiduciaries in such a way as to justify [the insured's] alleged extensive reliance on their `honesty, integrity and fidelity' or to enhance their existing duties under their contracts." (Id. at p. 1419.)
So, in the instant case, Thompson has not established any facts showing Cannon held itself out as a fiduciary. On the contrary, the undisputed facts indicate only that Cannon was retained by the insurers to ascertain the cause and validity of Thompson's substantial fire loss claim. Following that investigation, the claim was denied. Thus, the facts do not reveal anything other than an ordinary arm's length business relationship between Thompson and the insurers and Cannon. For these reasons, the trial court properly granted summary judgment in favor of Cannon on the breach of fiduciary duty cause of action.
The judgment is affirmed. Respondents shall recover their costs on appeal.
Sonenshine, Acting P.J., and Crosby, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rule 976(b), this opinion is certified for publication with the exception of parts II and III.
[1] One cause of action, for slander per se, was based upon the allegation that Cannon stated in the presence of others, "I think [Thompson] set the fire to her house."
[*] See footnote, ante, page 1413.
[2] Section 1559 provides: "When contract for benefit of third person may be enforced. A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." (Italics added.)