Roslyn H. **BAILEY**, Plaintiff–Appellee,

v.

**ALLSTATE INSURANCE COMPANY,** Defendant–Appellant.

No. 91CA0533.

Colorado Court of Appeals, Div. III.

Dec. 31, 1992.

No appearance for plaintiff-appellee.

Creamer and Seaman, P.C., Wayne L. Johnson, Denver, for defendant-appellant.

Opinion by Judge METZGER.

In this appeal, defendant, Allstate Insurance Company, appeals from that portion of the judgment entered on a jury verdict which awarded $35,000 to plaintiff, Roslyn Harvey Bailey, based on the jury's finding that Allstate had breached its fiduciary duty. We affirm in part, reverse in part, and remand with directions.

Plaintiff was injured as a pedestrian in a hit and run accident on November 20, 1985. At the time of the accident, she was a 22–year–old college student whose parents owned an Allstate automobile insurance policy providing uninsured motorist coverage. On February 5, 1986, in exchange for Allstate's payment of $750, plaintiff signed a document releasing Allstate from payment of any additional uninsured motorist benefits related to the accident.

Plaintiff commenced this action on November 16, 1989. The complaint alleged that the settlement was grossly inadequate and that Allstate had breached its duty of good faith and fair dealing under the insurance contract. It also alleged breach of fiduciary duty, negligent misrepresentation, and intentional misrepresentation. As well, the complaint sought rescission of the release on grounds of mutual mistake.

Allstate filed an answer which asserted, in addition to other defenses, that plaintiff's claims were barred by her execution of the release and by the statute of limitations.

At the close of all the evidence, Allstate moved for a directed verdict. Among other grounds for its motion, Allstate asserted that plaintiff's claims were barred by the former three-year statute of limitations for personal actions on contract and that, as a matter of law, an insurance company owes no fiduciary duty to its insured. The trial court denied the motion.

Using special verdict forms, the jury determined that plaintiff had signed the release as the result of a mutual mistake, found against Allstate on the breach of fiduciary duty claim, found that Allstate's breach of fiduciary duty was a cause of the damages claimed by plaintiff, and determined that plaintiff had incurred $35,000 in non-economic losses caused by Allstate's breach of fiduciary duty.

Allstate moved for judgment notwithstanding the verdict, and the motion was denied. Allstate here appeals only the portion of the judgment concerning the fiduciary duty claim. Therefore, we will not address the portion of the judgment concerning the rescission based on mutual mistake claim.

I.

Allstate contends that the trial court erred in allowing the jury to determine whether Allstate owed a fiduciary duty to plaintiff. Under the facts of this case, we agree.

Allstate relies on the ruling in *Schultz v. Allstate Insurance Co.*, 764 F.Supp. 1404 (D.Colo.1991), in which the United States District Court declined to expand Colorado law to create a general fiduciary duty from an insurance company to its insured. In the *Schultz* case, the court concluded that the tort action for bad-faith breach of an insurance contract adequately protected the insured's interest in fair dealing at the hands of the insurance company.

Based on the reasoning in *Schultz*, and after a review of case law from jurisdictions which have already addressed this issue, we hold that the circumstances of this case do not give rise to a fiduciary duty between Allstate and plaintiff.

### A.

Generally, a fiduciary duty arises between individuals through a relationship of trust, confidence, and reliance. Certain relationships give rise to general fiduciary duties as a matter of law, *i.e.*, attorney-client, principal-agent, trustee-beneficiary. The very nature of these relationships encompasses an extensive line of duties that are performed for the total benefit of only one of the parties to the relationship.

Thus, a fiduciary duty arises when one party has a high degree of control over the property or subject matter of another, or when the benefiting party places a high level of trust and confidence in the fiduciary to look out for the beneficiary's best interest. Additionally, when one party relies on another's higher degree of expertise in an area, a fiduciary duty may arise. *Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508 (Colo. 1986).

A fiduciary is a person having a duty, created by his or her undertaking, to act principally for the benefit of another in matters connected with that undertaking. A fiduciary's obligations to the beneficiary include, among other things, a duty of loyalty, a duty to exercise reasonable care and skill, and a duty to deal impartially with the beneficiary. *Destefano v. Grabrian*, 763 P.2d 275 (Colo.1988). Thus, the existence of a contract between a fiduciary and beneficiary is secondary to the nature of a true fiduciary relationship.

### B.

Conversely, the relationship between an insurer and an insured is initially and fundamentally based on the insurance contract. *Allstate v. Starke*, 797 P.2d 14 (Colo.1990). *See also Hansen v. Barmore*, 779 P.2d 1360 (Colo.App.1989) (rights of parties to insurance policy are contractual). Because the insurer/insured relationship is contractually based, both parties have a duty to protect their own interests, although each party also owes the other a duty of good faith and fair dealing. *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138

(Colo.1984); *Bucholtz v. Safeco Insurance Co.*, 773 P.2d 590 (Colo.App.1988). *See also Sersion v. Dairyland Insurance Co.*, 757 P.2d 1169 (Colo.App.1988) (insurer's exclusion of insured's high risk son proper and valid under public policy).

Other jurisdictions have also recognized the contractual nature of the relationship and the resulting limitations on an insurer's duty to its insured. For example, in Mississippi, there is no fiduciary duty between the insured and insurer unless litigation with a third party is involved. *Gorman v. South Eastern Fidelity Insurance Co.*, 621 F.Supp. 33 (D.Miss), *aff'd*, 775 F.2d 655 (5th Cir.1985).

First-party actions are adversarial in nature; therefore, it is impossible for the insurer to act as a fiduciary for its opposing contractee. *Gorman v. South Eastern Fidelity Insurance Co., supra*. And, in *Thompson v. Cannon*, 224 Cal.App.3d 1413, 274 Cal.Rptr. 608 (1990), the court found that the insurer/insured relationship is controlled by the contract itself and not by principles of strict fiduciary duties. It held that an insurer owes competing duties to its policyholders and other shareholders not to honor meritless claims.

Moreover, the relationship of confidence and trust which exists between the insurer and insured is not a fiduciary one. The insurer has a right to protect its own interests along with those of the insured, and these interests run parallel to each other, neither being superior. *State Farm Mutual Auto Insurance Co. v. Floyd*, 235 Va. 136, 366 S.E.2d 93 (1988).

In *Farmers Group, Inc. v. Trimble, supra*, our supreme court recognized that the insurer/insured relationship is contractual but ruled that some situations may give rise to certain fiduciary duties.

The *Trimble* court pointed out that, by virtue of the insurance policy, the insurer retains the absolute right to control the defense of actions brought against the insured, and the insured is therefore precluded from interfering with the investigation and negotiation for settlement. Such control and reliance gives rise to a quasi-

fiduciary relationship relative to claims brought by third persons against the insured. However, this relationship is predicated on the parties' contractual responsibilities, not on the inherent nature of the parties' relationship. This limited quasi-fiduciarial circumstance does not give rise to a true fiduciary relationship when dealing with other contract terms and claims in a first-party context.

■■ Decisions such as *Trimble,* which place limited fiduciary duties on an insurer in the third-party context are common in other jurisdictions. Likewise, other jurisdictions, like Colorado, have limited the imputation of fiduciary duties to only those situations regarding negotiation, settlement, and litigation of third-party claims. Thus, the mere presence of a fiduciary duty regarding one aspect of the insurance contract does not necessarily mean that such a duty governs all aspects of the agreement itself. *Ellmex Construction Co., Inc. v. Republication Insurance Co.,* 202 N.J.Super. 195, 494 A.2d 339 (1985).

■■ In *Love v. Fire Insurance Exchange,* 221 Cal.App.3d 1136, 271 Cal.Rptr. 246 (1990), the California Court of Appeal succinctly distinguished special duties and true fiduciary relationships. Special duties are placed on the insurer that, while akin to duties also owed by a fiduciary, arise only because of the unique nature of the insurance contract and not because the insurer is a fiduciary. Unique obligations are imposed upon true fiduciaries which are not found in the insurance relationship. For instance, the interests of both the insurer and the insured may be and are considered equal or parallel to each other, with one not being superior to another. Additionally, there is a commingling of funds: the essence of insurance is the commingling of many separate funds (premiums) to be made available to individuals when needed. Moreover, an insurer, after entering into an insurance contract, is not required to disregard the interests of its shareholders or other policyholders and is required to take these interests into consideration.

Most telling is the fact that an insurer is not required to pay non-covered claims which fall outside the coverage as dictated by the contract. *See also Miller v. Lumbermens Mutual Casualty Co.,* 488 So.2d 273 (La.App.1986) (insurance contract obligated parties to deal with each with absolute perfect candor and good faith, but there was no trust or fiduciary relationship by either party); *Rawlings v. Apodaca,* 151 Ariz. 149, 726 P.2d 565 (1986) (although individual is entitled to expect that insurer is "on his side" at least to the extent of treating him honestly and fairly, insurer is not fiduciary but does have some duties of a fiduciary nature).

Other decisions have concluded that the mere presence of an insurance contract does not automatically give rise to a fiduciary relationship; other elements of control or trust must enter into the relationship before a fiduciary duty will be imposed. *See Caserotti v. State Farm Insurance Co.,* 791 S.W.2d 561 (Tex.App. 1990). *In re Epic Mortgage Insurance Litigation,* 701 F.Supp. 1192 (E.D.Va. 1988), *modified,* 910 F.2d 118 (4th Cir.1990) (the insurer/insured relationship does not create fiduciary duties on the part of the insurer); *Varnal v. Weathers,* 619 S.W.2d 825 (Mo.App.1981) (an uninsured motorist provision of a policy does not place the insured and insurer in a fiduciary relationship; *Robacki v. Allstate Insurance Co.,* 127 Ill.App.3d 294, 82 Ill.Dec. 471, 468 N.E.2d 1251 (1984) (no fiduciary relationship exists between an insurer and insured as a matter of law. The extent of the insurer's duties to the insured are limited to those defined by the insurance contract); *Crossley v. Allstate Insurance Co.,* 155 Mich.App. 694, 400 N.W.2d 625 (1986) (relationship between insured and insurer is not fiduciary in nature); *Nelson v. Davidson,* 155 Wis.2d 674, 456 N.W.2d 343 (1990).

■■ Traditionally, the relationship between insurer and insured has been one based solely upon contract. While there are circumstances, particularly when dealing with third-party claims, in which fiduciary-like duties may be placed on the insurer to benefit the insured, such situations do not arise in first-party disputes between the insurer and the insured. As contrac-

tees, both parties have a responsibility to perform duties as spelled out by the contract itself and not because of any other special relationship. While an insurer is required to deal with the insured in good faith and fair dealing concerning every aspect of the contract, good faith and fair dealing is not enough to place the broad and substantial duties of a true fiduciary upon the insurer.

■ Defendant moved for a directed verdict, contending that a claim for breach of fiduciary duty in the first-party context is not recognized in the State of Colorado and would not be warranted under the facts here. We agree. As a matter of law, under these facts, a first-party dispute between the insured and the insurer cannot give rise to a claim for breach of fiduciary duty.

II.

■ Allstate also contends that the trial court erred in denying its motion for a directed verdict because plaintiff's claims, brought more than three years after she signed the release, were barred by the three-year statute of limitations for personal actions on contract, § 13–80–107, C.R.S. (1973 Vol. 6). We disagree.

Both parties agree that plaintiff's claims were governed by the limitation statutes in effect prior to the 1986 repeal and re-enactment of Colorado's various statutes of limitation. *See* Colo.Sess.Laws 1986, ch. 114 at 695. As to the former statutes, this court has previously held that, where the claims arose from the provisions of an insurance policy, the six-year statute (§ 13–80–110, C.R.S. (1973 Vol. 6)) and not the three-year statute (§ 13–80–107, C.R.S. (1973 Vol. 6)) applied. *See Winstead v. Criterion Insurance Co.*, 781 P.2d 170 (Colo.App.1989).

As it concerns the breach of fiduciary duty claim, the judgment is reversed, and the cause is remanded for the judgment to be corrected accordingly. Since Allstate did not appeal the portion of the judgment in plaintiff's favor on the mutual mistake claim, that portion of the judgment is affirmed.

REED and MARQUEZ, JJ., concur.