[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 11, 1997
On October 29, 1996, the plaintiff, Jadwiga Grazynski, filed a complaint against the defendant, Hartford Insurance Company of Midwest (Hartford), alleging the following facts. Sometime prior to August of 1994, Hartford issued to the plaintiff an insurance policy "wherein it agreed to pay all sums which the plaintiff shall be legally entitled to recover as damages from the owner or operator of an underinsured highway vehicle because of bodily injury sustained by the plaintiff as a result of an accident arising out of the ownership, maintenance, or use of such an underinsured vehicle."
The plaintiff was involved in a motor vehicle accident on August 20, 1994 with an underinsured motorist, Felix Stepien, while the policy was in full force and effect, and as a result was permanently injured.[1] The plaintiff notified Hartford of the accident, but despite due demand, Hartford has failed to pay the plaintiff's claim for damages.
On March 11, 1997, Hartford filed a motion for summary judgment, claiming there is no genuine issue of material fact regarding the plaintiffs allegations, and that it is entitled to judgment as a matter of law. Supplemental memoranda in support of the motion for summary judgment were filed on April 3 and April 10, 1997. The defendant claims that the plaintiff's damages have been determined in binding arbitration, and together with a prior payment by the defendant of $2,810, the plaintiff will have collected more than her full damages and thus will not be entitled to any underinsured motorist benefits.
The plaintiff filed an objection to the Hartford's motion for summary judgment on May 21, 1997. First, the plaintiff claims that the binding arbitration award does not prevent her from pursuing this claim. Second, the plaintiff claims that because there are numerous issues of material facts in dispute, summary judgment would be improper. Third, the plaintiff claims that Hartford has failed to provide a proper affidavit or documents to support its motion, making its motion for summary judgment CT Page 3098 technically deficient.
A motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried. Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Brackets omitted; emphasis omitted.) Miller v. UnitedTechnologies Corp., 233 Conn. 732, 752, 660 A.2d 810 (1995). Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment is the appropriate method for resolving res judicata. Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 712, 627 A.2d 374 (1993).
The defendant first argues that through the binding arbitration, the plaintiff has fully litigated the issue of her damages, and is bound by the arbitrator's finding that her damages are $20,750. Therefore, collateral estoppel should apply to the issue of damages. The defendant next argues that the plaintiff should not be allowed to recover double damages under overlapping insurance coverage. The defendant argues that because the plaintiff has been awarded $20,750 damages from the binding arbitration and $2,810 from the defendant in payment of medical expenses, the plaintiff has recovered $2,060 in excess of her damages.
The plaintiff argues that collateral estoppel should not apply here based on the Supreme Court's recent decision inMazziotti v. Allstate Insurance Co., 240 Conn. 799 (1997). The plaintiff argues that the defendant was not a party to the binding arbitration and was not in privity with the plaintiff or tortfeasor to such an extent that the arbitration decision regarding damages should apply to it. The plaintiff also argues that during the arbitration hearing, the plaintiff, who had a limited policy of $20,000 available to her from the tortfeasor, "did not put forward the same detailed evidence on damages or liability as will be presented in a claim against the Hartford with a policy of $250,000."
"Because. . . collateral estoppel, when properly raised and established, will preclude a[n] . . . issue, . . . the defendant's invocation of this principle must first be resolved."Mazziotti v. Allstate Ins. Co., supra, 240 Conn. 811. CT Page 3099
Collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim. Mazziotti v. Allstate Ins. Co.,
supra, 240 Conn. 812. To invoke collateral estoppel, the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding. Id.
A key consideration in determining the existence of privity is the sharing of the same legal right by the parties allegedly in privity. Mazziotti v. Allstate Ins. Co., supra, 240 Conn. 813. This is to ensure that the interests of the party against whom collateral estoppel is being asserted have been adequately represented because of his purported privity with a party at the initial proceeding. Id.
The insurer is not the alter ego of the tortfeasor and, although its contractual liability is premised in part on the contingency of the tortfeasor's liability, they do not share the same legal right. The commonality of "proving or disproving the same facts" is not enough to establish privity. Mazziotti v.Allstate Ins. Co., supra, 240 Conn. 817. Finally, the Court dealt with the "crowning consideration" in collateral estoppel cases and the basic requirement of privity — that the interest of the party to be precluded must have been sufficiently represented in the prior action so that the application of collateral estoppel is not inequitable. Mazziotti v. Allstate Ins. Co., supra,240 Conn. 818. A trial in which one party contests a claim against another should be held to estop a third person only when it is realistic to say that the third person was fully protected in the first trial. Id.
The Mazziotti Court dealt with a situation where an injured plaintiff had already recovered from the tortfeasor, and thereafter sought to recover from the tortfeasor's insurance carrier. The Court determined that the difference between the tortfeasor's and the insurance carrier's exposure was a relevant factor in determining whether the tortfeasor had been sufficiently motivated to protect the fights and interests of the insurance carrier. The Court held that because the tortfeasor and the insurance carrier did not share the same legal right, they were not in privity. Mazziotti v. Allstate Ins. Co., supra,240 Conn. 817. The Court also pointed to the fact that the substance of the plaintiff tortfeasor action was grounded in tort, while CT Page 3100 the plaintiff-insurance carrier action was grounded in contract.
Here there is no question that the present plaintiff and defendant and the parties involved in the binding arbitration are different. Therefore, in order for collateral estoppel to apply, the plaintiff and Hartford must be in privity with each other. However this court concludes for the reasons herewith set forth that there is no privity between the plaintiff and the defendant, and therefore collateral estoppel would not apply.
The relationship of the plaintiff as the insured and Hartford as the insurer does not always lead to a relationship supporting a finding of privity. For example, the plaintiff and Hartford do not have such a relationship that Hartford should be considered the plaintiffs fiduciary. A fiduciary is a person having a duty, created by his or her undertaking, to act principally for the benefit of another in matters connected with that undertaking.Bailey v. Allstate Ins. Co., 844 P.2d 1336, 1339 (Colo.App. 1992). Because the insurer/insured relationship is contractually based, both parties have a duty to protect their own interests, although each party also owes the other a duty of good faith and fair dealing.[2] Id. First-party actions are adversarial in nature: therefore, it is impossible for the insurer to act as a fiduciary for its opposing contractee. Id. "The insurer has a right to protect its own interests along with those of the insured, and these interests run parallel to each other, neither being superior." Id. Traditionally, the relationship between insurer and insured has been one based solely upon contract. While there are circumstances, particularly when dealing with third-party claims, in which fiduciary-like duties may be placed on the insurer to benefit the insured, such situations do not arise in first-party disputes between insurer and insured. Baileyv. Allstate Ins. Co., supra, 844 P.2d 1340.
Thus, when an insured brings suit against his or her own insurer, there is a lessening of the contractual duties of good faith and fair dealing between the two. It is doubtful that the plaintiff was representing the defendant's interests during the binding arbitration, or that the defendant's legal rights were fully protected by the plaintiff during the binding arbitration, because the plaintiff and Hartford are now advancing conflicting points of argument. "[W]hat gives rise to the duty [to exercise good faith or due care] and measures its extent is the conflict between the insurer's interest to pay less than the policy limits and the insured's interest not to suffer liability for any CT Page 3101 judgment exceeding them." Bourget v. Government EmployeesInsurance Co., 456 F.2d 282, 285 (2nd Cir. 1972). Here, there was such a conflict between the parties, as the plaintiff and Hartford did not share the same legal rights.
Second, the issues decided during the binding arbitration are not identical to those to be litigated in the present case. At the binding arbitration, the plaintiffs focus was to collect money from the tortfeasor under the tortfeasor's motorist policy. The thrust of this litigation is for the plaintiff to collect on a different and larger policy from her own insurance carrier. Different pieces of evidence will be relevant, as the issue of the tortfeasor's fault will not be a focal point of the litigation between the plaintiff and Hartford. For these reasons, the doctrine of collateral estoppel does not apply.
The plaintiff further argues in its opposition memorandum that Hartford has not filed any supporting documents, because a party's attorney's affidavit alone is insufficient to meet the requirements of Practice Book § 380, and consequently no admissible documents have been supplied in support of Hartford's motion for summary judgment as required by Practice Book § 380.
A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. Practice Book § 380. When a party moves for summary judgment and there are no contradictory affidavits, the court properly decides the motion by looking only to the sufficiency of the [movant's] affidavits and other proof. Heyman Associates No. 1 v. Insurance Co. ofPennsylvania. 231 Conn. 756, 795, 653 A.2d 122 (1995).
Here, Hartford's motion for summary judgment is supported by two documents, an affidavit and an uncertified photo copy of the binding arbitration order. Because no contradictory affidavits have been filed, the motion for summary judgment must be decided based upon these two documents alone. It has been repeatedly held that an affidavit filed by a party's attorney should not be used to oppose a summary judgment motion. 2830 Whitney Ave. v.Heritage Can. Dev. Assoc., 33 Conn. App. 563, 567, 636 A.2d 1377
(1994). See also Farrell v. Farrell, 182 Conn. 34, 37 n. 2,438 A.2d 415 (1980). For this reason, the court will not consider the attorney's affidavit. Further, the copy of the binding CT Page 3102 arbitration order supplied by Hartford and referred to in the attorney's affidavit has not been sworn to or certified. Practice Book § 381 states that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto. Here, the plaintiff has specifically objected to the fact that the copy of the binding arbitration award is uncertified. Therefore, the court will not consider that exhibit as a document supporting Hartford's motion for summary judgment. See Country Lumber v. NewHaven Sav. Bank, Superior Court, judicial district of New Haven at New Haven, Docket No. 341488 (March 7, 1994) (Hartmere, J.). As a result, the court concludes that Hartford has failed to supply the court with the required documents to support its motion for summary judgment. Accordingly, for all the foregoing reasons defendant's motion for summary judgment is DENIED.
Sullivan, J.