[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
On September 11, 1998, an amended complaint was filed by the Plaintiff, the Travelers Property Casualty Insurance Company, Inc. (Travelers), which sought to recover for advances paid to the Defendant, Robert Troyer (Troyer), and for monies owed to Chase Manhattan Mortgage Corporation, pursuant to a mortgage holder's clause in the insurance policy, for a residential fire in Glastonbury, Connecticut. On April 25, 2000, the Defendant Troyer filed his answer to the complaint and his Fourth Amended Counterclaim. On April 25, 2000, Travelers filed a motion to strike the Third Count of the Fourth Amended Counterclaim, asserting that the Third Count failed to allege sufficient facts to support an action under General Statutes § 38a-815 et seq., Connecticut's Unfair CT Page 11039 Insurance Practices Act (CUIPA) and General Statutes § 42-110a et seq., Connecticut's Unfair Trade Practices Act (CUTPA).
The Third Count of the Counterclaim alleges the following: that Travelers issued an insurance policy to Troyer in September of 1997; that the policy provided coverage for loss or damages to the property, building or the contents located at 357 Olde Stage Road, Glastonbury, Connecticut; that Troyer notified Travelers of a potential claim on the policy resulting from a fire occurring on September 26, 1997; that Troyer related to Travelers that he was not directly or indirectly responsible for causing the fire; that Travelers failed to fully compensate him for loss of the contents, damage to the building and temporary living expenses as required under the policy. Troyer further alleges that Travelers, as part of a general business practice, denies "claims involving fire losses of unknown origin, without any reasonable belief that the policyholder was responsible for said loss." In support of the claim that Travelers' actions constitute a general business practice, Troyer alleges two other instances involving other insureds where Travelers denied a claim for fire loss where there was no known origin of the fire and there was no reasonable belief that the policy holder was responsible for the loss. Troyer alleges that the purpose of withholding funds is to force claimants to settle for less than is rightfully due, thus constituting a violation of CUIPA and CUTPA.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). In ruling on a motion to strike the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
"[A] claim under CUIPA predicated upon alleged unfair claim settlement practices . . . requires proof that the unfair settlement practices were committed or performed with such frequency as to indicate a general business practice." (Citations omitted; internal quotation marks omitted.) Lees v. Middlesex Ins. Co., 229 Conn. 842, 847, 643 A.2d 1282
(1994). The following language is included in the Fourth Amended Counterclaim: "Such general business practice includes, but is not limited to, a claim filed by the counterclaim defendant's insured, Gregory Renshaw, d/b/a Putnam Antiques Exchange, for a fire loss that CT Page 11040 occurred on June 23, 1999, which claim was denied by the counterclaim defendant in February of 2000, even though there was no known source and origin of the fire and there was no reasonable belief that the policy holder was responsible for said loss. This general business practice is further evidenced by a claim asserted by the counterclaim defendant's insured, O'Leary Limited Partnership, regarding a fire loss that occurred on June 23, 1999, which claim was recently denied by the counterclaim defendant even though there was no known source and origin of the fire or any reasonable belief that the policy holder was responsible for said loss." (Answer to Amended Complaint and Fourth Amended Counterclaim, Third Count, 7.)
Travelers argues that the law of the case should be applied to the Fourth Amended Counterclaim as it is substantially the same as the Third Amended Counterclaim which the court, Wagner, J.T.R., struck on the grounds that "the defendant's allegations do not present a sufficient factual basis to establish a general business practice . . . ." TheTravelers Property Casualty Insurance Company, Inc. v. Troyer, Superior Court, judicial district of Hartford at Hartford, Docket No. 580328 (March 21, 2000, Wagner, J.T.R.). Troyer argues that the additional language corrected the deficiencies noted by the court in the Third Amended Counterclaim and thus properly alleges sufficient facts to support an action under CUIPA and CUTPA.
As a practical matter, Travelers claims that if a CUTPA claim based on a CUIPA violation survives a motion to strike based on information readily available by searching legal databases for lawsuits filed against Travelers, then it will be inundated with lawsuits based on information so discovered. (Plaintiff's Memorandum in Support of Motion to Strike, p. 8). Travelers' main concern is that in allowing such a claim to survive the motion to strike, Troyer will be "[provided with] a basis for discovery into the insurer's claims handling practices, other files handled by the insurer, and related issues. (Plaintiff's Memorandum in Support of Motion to Strike, p. 8) Travelers claims that "[t]he intrusiveness of such discovery is not warranted unless the claim is supported by facts which suggest that there is something there to discover." (Plaintiff's Memorandum in Support of Motion to Strike, p. 8).
Whatever merit there is to Travelers' claims of burdensome discovery, when dealing with a motion to strike, "the court is limited to the facts alleged in the [counterclaim]." Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). In Ferriolo v. NationwideInsurance, Superior Court, judicial district of New Haven at New Haven, Docket No. 403433 (March 11, 1998, Hartmere, J.), and Nuzzo v. NationwideMutual Insurance Co., Superior Court, judicial district of New Haven at CT Page 11041 New Haven, Docket No. 394015 (July 1, 1998, Silbert, J.), the court denied in each action a motion to strike where, as part of a general business practice, the plaintiff alleged the defendant's mishandling other insureds' claims. Each court held that the plaintiffs, by specifically pleading other instances of misconduct by the defendant as to other insureds, had sufficiently stated a cause of action under CUIPA.
In the present case, Troyer alleges that Travelers denied claims for fire loss brought by other insureds where there was no known origin of the fire and there was no reasonable belief that the policy holder was responsible for the loss. The addition of allegations regarding the denial of fire claims as to two other insureds under circumstances similar to the denial of Troyer's claim is sufficient to state a claim upon which relief can be granted.
Accordingly, the motion to strike is denied.
David L. Fineberg Superior Court Judge