[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Charter Oak Fire Insurance Company, instituted a CT Page 12069 declaratory judgment action against the defendants, Blue Sky Partnership, Inc. d/b/a as Blue Sky Foods (Blue Sky), Deborah Kuszaj and Michael Kuszaj, following a fire on the defendants' property. The plaintiff alleges the following facts. The plaintiff issued an insurance policy to the defendants for the period of March 30, 1999 through March 30, 2000, which provided coverage for loss or damage to the defendants' property located at 431 Main Street, New Hartford, Connecticut. The defendants' policy contains an exclusion for loss or damage caused by any dishonest or criminal acts (Exclusion B.2.h.)[1] and a condition that voids the coverage if the defendants engage in concealment, misrepresentation or fraud (Condition F.1.).[2] On September 14, 1999, the defendants notified the plaintiff of their claim for damages to the subject property as a result of a fire that occurred on September 14, 1999. The defendants represented to the plaintiff that they were not directly or indirectly responsible for causing the fire. The plaintiff alleges that its investigation revealed that the fire was either intentionally set by the defendants or set at their direction.
The plaintiff alleges that the damage to the defendants' property falls within Exclusion B.2.h. and that the actions of the defendants constitute a breach of Condition F.1.
In their answer and counterclaim, the defendants allege that they acted in good faith and have complied with all of the terms of the insurance policy. They maintain that they were not responsible for the fire and that it destroyed the restaurant and its contents. They further allege that they have suffered damages due to the plaintiff's failure to pay losses and damages in accordance with the terms and conditions of the policy.
The defendants maintain that the conduct of the plaintiff constitutes a breach of contract (count one); bad faith (count two); breach of fiduciary duty (count three); intentional infliction of emotional distress (count four); negligent infliction of emotional distress (count five); and violates of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et. seq. (count six). The plaintiff seeks to strike counts three and six of the counterclaim.
 DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any. counterclaim . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [counterclaim] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [counterclaim]. CT Page 12070 The court must construe the facts in the [counterclaim] most favorably to the [p leader]. . . . If facts provable in the [counterclaim] would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "It is fundamental that in determining the sufficiency of a [counterclaim] challenged by a [plaintiff's] motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citation omitted; internal quotation mark omitted.) Gazo v. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505
(2001).
 A Count Three
In support of its motion to strike count three of the defendants' counterclaim, the plaintiff argues that, although there is a duty of good faith and fair dealing between an insured and insurer, there is no fiduciary duty between the two. The defendants argue that the issue of whether a fiduciary duty exists is a question of fact, which cannot be decided on a motion to strike. The defendants also argue that the plaintiff has failed to support its position that a fiduciary duty cannot exist between an insurer and insured.
"[A] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him." (Internal quotation marks omitted.)Murphy v. Wakelee, 247 Conn. 396, 400, 721 A.2d 1181 (1998). "Rather than attempt to define a fiduciary relationship in precise detail and in such a manner to exclude new situations, [the Supreme Court has] chosen to leave the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence to the other." (Internal quotation marks omitted.) Dunham v. Dunham,204 Conn. 303, 320, 528 A.2d 1123 (1987). "Whether such a confidential relationship exists is a factual question for the trial court."Albuquerque v. Albuquerque, 42 Conn. App. 284, 287, 679 A.2d 962 (1996).
"It is inappropriate to decide a question of fact on a motion to strike. . . . It is appropriate, however, for this court to decide whether the plaintiff . . . has [pleaded] sufficient facts to allege a fiduciary relationship." (Citation omitted; internal quotation marks CT Page 12071 omitted.) Leisure Resort Technology v. Trading Cove Associates, Superior Court, judicial district of Middlesex at Middleton, Docket No. 91180 (October 13, 2000, Gordon, J.); see also Facchini v. Miller, Superior Court, judicial district of Hartford, Docket No. 587686 (January 31, 2000, Wagner, J.).
In this case, the defendants have failed to allege sufficient facts to constitute a proper claim for breach of fiduciary duty because the defendants have failed to allege "a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other."Murphy v. Wakelee, 247 Conn. 396, 400, 721 A.2d 1181 (1998). Simply alleging that a fiduciary duty was created by the issuance of a policy does not suffice.
There is, however, another reason to grant the motion to strike. This court agrees with the reasoning of Judge Melville who stated that, "[b]ecause the insurer/insured relationship is contractually based, both parties have a duty to protect their own interest, although each party also owes the other a duty of good faith and fair dealing. . . . The insurer has a right to protect its own interests along with those of the insured, and these interests run parallel to each other, neither being superior. . . . Traditionally, the relationship between insurer and insured has been one based solely upon contract. While there are circumstances, particularly when dealing with third-party claims, in which fiduciary-like duties may be placed on the insurer to benefit the insured, such situations do not arise in first party disputes between insurer and insured." (Citations omitted; internal quotation marks omitted.) Grazynski v. Hartford Ins. Co., Superior Court, judicial district of Bridgeport, Docket No. 337594 (July 11, 1997, Melville, J.) (20 Conn. L. Rptr. 200, 201).
The plaintiff's motion to strike count three of the defendants' counterclaim is granted.
 B Count Six
In support of its motion to strike count six of the defendants' counterclaim, the plaintiff argues that in order to allege a cause of action under CUTPA based on alleged violations of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq., the defendants must allege a general business practice. The plaintiff argues that the defendants' references to three denials by the plaintiff does not provide sufficient evidence of misconduct to constitute a CT Page 12072 general business practice.[3] The defendants argue that they sufficiently have alleged the existence of similar unfair practices in the plaintiff's handling of other claims to constitute a general business practice.
"[A] CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) require[s] proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Lees v. Middlesex Ins.Co., 229 Conn. 842, 850, 643 A.2d 1282 (1994). An insurance company's "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the [insurance company] in the processing of any other claim, does not rise to the level of a "general business practice' as required by § 38a-816 (6)." Id., 849. Because "[t]he term "general business practice' is not defined in the statute, [courts] may look to the common understanding of the words as expressed in a dictionary . . . `General' is defined as `prevalent, usual [or] widespread' . . . and `practice' means `[p]erformance or application habitually engaged in . . . [or] repeated or customary action." (Citations omitted.) Id., 849, n. 8.
This court notes that three Superior Court judges have denied "a motion to strike where, as part of a general business practice, the [defendants] alleged the [plaintiff's] mishandling other insureds' claims." TravelersProperty Casualty Ins. Co., Inc. v. Trover, Superior Court, judicial district of Hartford, Docket No. 580328 (September 8, 2001, Fineberg, J.) (28 Conn. L. Rptr. 68, 69); Nuzzo v. Nationwide Mutual Ins. Co., Superior Court, judicial district of New Haven, Docket No. 394015 (July 1, 1998);Ferriolo v. Nationwide Ins., Superior Court, judicial district of New Haven, Docket No. 403433 (March 11, 1998, Hartmere, J.). Yet, the three cases referred to in the complaint, indicate, at best, that the plaintiff has denied three fire loss claims and that the denial is under review. Perhaps the insurance company was justified, perhaps not. Without a final determination, however, these unsubstantiated allegations cannot possibly satisfy the requirement as set forth in Lees v. Middlesex Ins. Co., that the proponent must show a "general business practice."
 CONCLUSION
For the foregoing reasons, the motions to strike are granted.
Berger, J.